IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COMMISSION RECEIVABLES FUND 1, LLC, | ) ) ) | |
| Plaintiff, | ) ) | 8:11CV131 |
| vs. | ) ) ) | FINDINGS AND RECOMMENDATION |
| TOMMIE E. McILWAIN, SR. and SENIORS CHOICE INSURANCE GROUP, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion to Remand to State Court (Filing No. 7). The plaintiff filed a brief (Filing No. 8) and an index of evidence (Filing No. 9) in support of the motion. The defendants filed a brief (Filing No. 11) and an index of evidence (Filing No. 12) in opposition to the motion. The plaintiff filed a brief (Filing No. 15) in reply. For the reasons set forth below, the court recommends the plaintiff's motion to remand be denied.[1]

---

[1] The court is entering a Findings and Recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008)**,** *Stefanik v. City of Holyoke*, 597 F. Supp. 2d 184, 185 (D. Mass. 2009), and *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970, at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517. **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge concludes a recommendation is the most appropriate course of action in this matter.

## BACKGROUND

According to the allegations in the complaint, the defendants breached the contract entered into with the plaintiff for replacing United Commercial Travelers and American National Insurance policies owned by the plaintiff with another insurance company. See Filing No. 1 – Ex. E, Amended Complaint. The plaintiff, a Nebraska corporation, is a financial service company created to assist independent insurance agents and agencies in acquiring capital through the purchase of its future insurance policy renewal commissions. *Id.* ¶¶ 1, 2. The defendant Tommie McIlwain is the chairman of the defendant, Seniors Choice Insurance Group, Inc., an insurance agency incorporated in North Carolina licensed to sell various insurance products for specific insurance companies. *Id.* ¶¶ 3, 4, 5. On July 3, 2009, the parties entered into the Commission Receivables Purchase Agreement (Agreement) regarding the purchase of future renewal commissions on United Commercial Travelers and American National Insurance policies with fair and reasonable consideration. *Id.* ¶¶ 7, 8. The purchase price stated in the agreement was $200,227. See Filing No. 1 – Ex. B, Complaint: Agreement, Ex. A. The plaintiff claims it performed all conditions and promises required by the agreement and, after performing an audit and review of the insurance policy renewal commission pertinent to the agreement, determined the defendants breached the terms by replacing policies owned by the plaintiff with another insurance company. See Filing No. 1 – Ex. E, Amended Complaint ¶¶ 9, 10. Specifically, the plaintiff claims the defendants' actions constituted a breach of the Agreement based on Section 2.2 of the Agreement which states:

> Agent shall not endeavor in any manner to solicit, market or cause any insured under the Policies to terminate, cancel or lapse a Policy or engage in any activity whatsoever that could reasonably cause or encourage the insured or the beneficiary under a Policy to terminate, cancel or lapse a Policy.

*Id.* ¶ 11.

This action was originally filed on October 19, 2010, in the District Court of Douglas County, Nebraska.  **See** Filing No. 1 – Ex. B, Complaint.  On February 15, 2011, the plaintiff filed an Amended Complaint, which contained no substantive changes.  **See** Filing No. 1 – Ex. E, Amended Complaint.  On April 4, 2011, the plaintiff sent an email that was the first communication of the amount of damages demanded by the plaintiff for settlement.  **See** Filing No. 1 – Ex. H.  The plaintiff proposed settlement by two alternative options: 1) the defendants could make one lump sum payment of $185,000 immediately to the plaintiff based on projected future commissions for the replaced policies, or 2) the defendants could present a new book of business for the plaintiff worth a total of $220,000 at $5,500 in commissions per month.  *Id.*  On April 11, 2011, the defendants filed their Notice of Removal in the United States District Court for the District of Nebraska.  **See** Filing No. 1 – Notice of Removal.  The plaintiff contests the removal and on April 19, 2011, filed a motion to remand back to the District Court of Douglas County, Nebraska.  **See** Filing No. 7.  The plaintiff argues remand is required based on the defendants' failure to timely remove the matter to federal court in accordance with 28 U.S.C. §1446(b) and this court lacking subject matter jurisdiction for inadequate jurisdictional amount under 28 U.S.C. §1332.  **See** Filing No. 8 – Brief p. 1-2.

In support of the motion regarding the failure to timely remove the matter to federal court, the plaintiff contends no substantive changes were made in the Amended Complaint.  *Id.* at 2. The plaintiff's reason for amending the Complaint was "only to avoid further discovery disputes."  *Id.*  The plaintiff maintains that the defendants removed this case in an attempt to avoid compliance with the state court's potential order requiring production of discovery information and that removal was beyond thirty days after receipt of service of the Amended Complaint.  *Id.* Additionally, the plaintiff asserts the defendants removed the case in an attempt to delay the proceedings and consequently collect commissions related to this lawsuit.  **See** Filing 15 – Reply Brief p. 1.  The plaintiff further argues the amount in controversy does not exceed the $75,000 amount in controversy requirement and the parties are unable to determine the amount

3

of damages until further discovery is completed.  **See** Filing No. 8 – Brief p. 2.  The defendants respond that the case became removable only when the amount in controversy became apparent with the email dated April 4, 2011, and was properly removed within thirty days after receipt of the email.  **See** Filing No. 11 – Response p. 1-2.

## ANALYSIS

The court must determine whether diversity of the parties exists in order to confer federal jurisdiction.  28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence.  *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005); *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003); *Crosby v. Aid Ass'n for Lutherans*, 199 F.R.D. 636, 638 (D. Minn. 2001) ("When no amount is specified in the complaint, the party opposing remand must prove the required amount by a preponderance of the evidence.").

Since removal to federal court is a statutory right, and not granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)*.*  A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute.  **See** *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).  Moreover, "diversity jurisdiction in removal cases [is] narrower than if the case were originally filed in federal court by the plaintiff."  *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992) (referencing the 28 U.S.C. § 1441(b) limitation on defendants in the forum State).

Any case wherein a United States District Court has original jurisdiction can be removed from state court. A United States District Court has original jurisdiction over civil actions arising under the Constitution, law, or treaties of the United States. **See** 28 U.S.C. § 1331. Additionally, the United States District Court has original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between:

    (1)    citizens of different States;
    (2)    citizens of a State and citizens or subjects of a foreign state;
    (3)    citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4)    a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

**See** 28 U.S.C. § 1332. This type of subject matter jurisdiction is known as diversity jurisdiction. The plaintiff need not bring the motion to remand based on lack of subject matter jurisdiction within thirty days of filing the notice of removal. **See** *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998)*.* Under the removal statute: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). No question exists as to whether the parties are citizens of different States. The dispute between the parties is whether the amount in controversy exceeds the statutory minimum. The plaintiff's Amended Complaint did not allege a specific amount of damages.

A settlement offer made at the time of, or before, the filing of the notice of removal may not be determinative of the jurisdictional amount. However, such a settlement offer is evidence tending to show what amount of damages the plaintiff intends to place in controversy. Evidence a plaintiff sought to settle the claims for less than $75,000 may require remand, if the offer binds or limits the plaintiff's possible recovery. This is so because even if the defendant may be liable for an amount in excess of $75,000, the plaintiff may avoid federal jurisdiction or thwart attempts at removal by claiming less than the jurisdictional amount in the complaint. **See** *St. Paul*

5

*Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (holding "only the sum actually demanded is in controversy"); **see also** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (stating "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum"). However, "conclusory allegations do not provide an adequate basis for determining this court's jurisdiction." *McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, 653 (N.D. Iowa 1995) (**citing** *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335) (5th Cir. 1995)). The settlement proposals in this instance are not "conclusory allegations" because the plaintiff's settlement proposals provide two options with amounts of either $185,000 or $220,000. Both settlement proposals well exceed the required minimum amount in controversy.

A settlement proposal by a plaintiff can meet the required amount in controversy as long as it is considered a reasonable estimate of the claim. **See** *McPhail v. Deere & Co*., 529 F.3d 947, 948 (10th Cir. 2008) (**citing** *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Although the amount in controversy does not prove the plaintiff's recovery amount, it is an estimate of the amount involved in the litigation at issue. *Id.* Thus, documents demonstrating the plaintiff's estimation are an appropriate method of supporting removal. *Id.* Although settlement offers are not admissible to prove liability or invalidity of a claim or its amount, settlement offers are appropriate to "show the stakes" and courts can consider the offers in determining whether the requisite amount in controversy is present. **See** *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

The two proposed settlements from the plaintiff exceed $75,000. The plaintiff proposed settlement by two alternative options: 1) the defendant could make one lump sum payment of $185,000 immediately to the plaintiff based on projected future commissions for the replaced policies, or 2) the defendant could present a new book of

6

business for the plaintiff worth a total of $220,000, at $5,500 in commissions per month. **See** [Filing No. 1](#) – Ex. H.  It appears the plaintiff considers the settlement amount to be a reasonable estimate of the claim, as the purchase price in the Agreement was $200,227.  *Id.*  The defendants meet the requisite burden of proof in showing a reasonable amount of damages that were not conclusory allegations. Therefore, because the defendants established that the jurisdiction minimum is met by a preponderance of the evidence, the plaintiff must establish that the claim is less than $75,000 by legal certainty. **See** *[Bell v. Hershey Company](#)*, 557 F. 3d 953, 956 (8th Cir. 2009), (**citing** *[Meridian Secs. Ins. Co. v. Sadowski](#)*, 441 F.3d 536, 543 (7th Cir. 2006)).  Although the plaintiff argued it was unable to determine the amount of damages until the defendants provide adequate information, the court finds that based on the nature of the claim and the two proposed settlement offers, a fact finder might legally and reasonably conclude the plaintiff's damages exceed the jurisdictional minimum. Accordingly, the court finds the amount in controversy is sufficient to grant this court diversity jurisdiction.

Regarding the issue of whether the case was timely removed, in order for the federal court to properly hear a case removed from a state court, a party must timely remove the matter to federal court.   **See** [28 U.S.C. §1446(b)](#).  Generally §1446(b) provides removal of a civil action shall be filed within thirty days after receipt of the initial pleading.  *Id.*  However, if the initial pleading does not provide a legal basis for removal, the defendant may remove within thirty days after an amended pleading, motion, or order, or "other paper" allows the defendant to ascertain the case has become removable.  *Id.;* **See** *[Caterpillar, Inc. v. Lewis](#)*, 519 U.S. 61, 68-69 (1996).   "Other paper" may include documents beyond formal filings in the court, such as correspondence between attorneys regarding the amount in controversy.  **See** *[Babasa v. LensCrafters, Inc.](#)*, 498 F.3d 972, 974-75 (9th Cir. 2007). If removal of a case is based on diversity, the amount in controversy is required to support the removal petition.  **See** *[Moltner v. Starbucks Coffee Co.](#)*, 624 F.3d 34, 37 (2d Cir. 2010) (**quoting** *[Whitaker v. American Telecasting, Inc.](#)*, 261 F.3d 196, 205-06 (2d Cir.

2001)). Although the standard necessitates the defendant to utilize reasonable intelligence to determine whether the case can be removed, the defendant does not need to search outside the pleading for facts to realize removability. **Id.** The thirty-day period for removal starts running when a document "explicitly discloses that the plaintiff is seeking damages in excess of the federal jurisdictional amount." **See *In re Willis***, 228 F.3d 896, 897 (8th Cir. 2000). This discourages plaintiffs from disguising or concealing damages beyond the thirty-day limitation to circumvent removal to the federal court. **Id.** Additionally, it "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." **See *Chapman v. Powermatic, Inc.***, 969 F.2d 160, 163 (5th Cir. 1992). If a defendant is forced to guess the amount of damages from reading a complaint, the plaintiff consequently produces guesswork and ambiguity causing increased litigation costs and time. *Moltner*, 624 F.3d at 38.

The Amended Complaint did not include any amount of damages sought by the plaintiff, making it impossible for the defendant to determine the amount in controversy. As "other paper", the April 4, 2011, email initiated the thirty day period as it was the first instance discussing the amount in controversy. The thirty-day removal requirement was met when the notice for removal was filed on April 11, 2011, seven days later. Consequently, the court finds that the case was timely removed within the thirty-day limitation.

Therefore, the plaintiff's April 4, 2011, email explicitly disclosing two possible settlement amounts, both exceeding the $75,000 requirement, is sufficient to grant this court diversity jurisdiction. Further, once the settlement amount was offered, the defendant was adequately prepared and allowed to remove the case to federal court. The motion to remove was timely and within the thirty-day limitation. Based on federal diversity statutes and the attending case law, jurisdiction appears proper in United States District Court. Therefore, the undersigned magistrate judge recommends the plaintiff's motion to remand be denied. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's Motion to Remand to the State Court. (Filing No. 7) be denied.

## ADMONITION

Pursuant to NECivR 72.2[i] any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 31st day of May, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[i] *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.