**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| COMMISSION RECEIVABLES ) <br> FUND 1, LLC, ) <br> ) <br>         Plaintiff, ) <br> ) <br>  vs. ) <br> ) <br> TOMMIE E. McILWAIN, SR. and ) <br> SENIORS CHOICE INSURANCE ) <br> GROUP INC., ) <br> ) <br>         Defendants. ) | 8:11CV131 <br><br> ORDER |

      This matter is before the court on the motion of Robert W. Mullin, Brittney J. Krause, and the law firm of Lieben, Whitted, Houghton, Slowiaczek & Cavanagh, P.C., L.L.O. for leave to withdraw as counsel for the defendants (Filing No. 34) and the plaintiff's "Resistance" (Filing No. 36).  The court held a telephone conference with counsel for the parties on October 12, 2011.

      In addition to withdrawal, the movants also seek to stay proceedings, including a previously noticed deposition, to allow time for new counsel to appear.  See Filing No. 34. The movants filed an index of evidence in support of their motion.  See Filing No. 35.  The movants state the defendants verbally agreed counsel should withdraw due to the defendants' non-compliance with a fee agreement.  *Id.* - Mullin Aff.  The motion indicates it was served on the defendants.  See Filing No. 34.  The court notes no substitute counsel has yet appeared in this matter for the defendants.  The plaintiff resists withdrawal of counsel for the primary reason that the plaintiff seeks to complete the previously noticed depositions.

      Parties who are not natural persons may not appear pro se.  ***Rowland v. California Men's Colony***, 506 U.S. 194, 203 (1993).  Moreover, courts "have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."  *Id.* at 202.  "Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally.  With regard to these two types of business associations, the long

standing and consistent court interpretation of [28 U.S.C. § 1654] is that they must be represented by licensed counsel." *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 476 (E.D Tex 1975); **see** *Harrison v. Wahatoyas*, LLC, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se"); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); **see also** *DCR Fund I, LLC v. TS Family Ltd. Partnership*, 261 Fed. Appx. 139 (10th Cir. 2008); *First Amendment Foundation v. Village of Brookfield*, 575 F. Supp. 1207, 1207 (N.D. Ill. 1983) (partnership must be represented by attorney admitted to practice).  In fact, according to the Eighth Circuit, a corporation or other business entity is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.  *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

The court finds good cause exists to allow moving counsel to withdraw.  The defendants have consented to such withdrawal.  Accordingly, the individual defendant, Tommie E. McIlwain, Sr. will now be considered proceeding pro se.  Counsel for the plaintiff may communicate with Mr. McIlwain directly regarding this case.  Under the circumstances, the corporate defendant, Senior Choice Insurance Group, Inc., shall have an opportunity to obtain substitute counsel or show cause why entry of default should not be filed.  If Senior Choice Insurance Group, Inc. fails to respond to this order or obtain substitute counsel, the court may enter an order striking it's answer, which will result in entry of default.  **See** Fed. R. Civ. P. 55.

The defendants have failed to show good cause exists to stay proceedings to allow time for new counsel to appear.  The parties may proceed under the current progression order and with any previously noticed depositions.  Upon consideration,

**IT IS ORDERED:**

1.  Robert W. Mullin, Brittney J. Krause, and the law firm of Lieben, Whitted, Houghton, Slowiaczek & Cavanagh, P.C., L.L.O.'s motion for leave to withdraw as counsel for the defendants (Filing No. 34) is granted.

2.	Senior Choice Insurance Group, Inc. shall have until **on or before November 10, 2011**, to obtain substitute counsel or show cause why entry of default should not be filed.  If no response is received or if substitute counsel has entered an appearance by that date, the court may enter an order striking Senior Choice Insurance Group, Inc.'s answer and directing the Clerk of Court to enter default.

3.	Tommie E. McIlwain, Sr. will now be considered proceeding pro se.  Counsel for the plaintiff may communicate with Mr. McIlwain directly regarding this case.

4.	The plaintiff's "Resistance" ([Filing No. 36](#)) is overruled as stated herein.

5.	Moving counsel shall immediately serve a copy of this order on the defendants and file a certificate of service for such service.

DATED this 12th day of October, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge