IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COMMISSION RECEIVABLES FUND 1, LLC, | |
| Plaintiff, | 8:11CV131 |
| vs. | ORDER |
| TOMMIE E. McILWAIN, SR. and SENIORS CHOICE INSURANCE GROUP INC., | |
| Defendants. | |

This matter is before the court *sua sponte*.

On October 11, 2011, Robert W. Mullin, Brittney J. Krause, and the law firm of Lieben, Whitted, Houghton, Slowiaczek & Cavanagh, P.C., L.L.O. filed for leave to withdraw as counsel for the defendants (Filing No. 34). The movants stated the defendants verbally agreed counsel should withdraw due to the defendants' non-compliance with a fee agreement. *Id.* - Mullin Aff. The motion indicates it was served on the defendants. See Filing No. 34. On October 12, 2011, the court granted the motion, but allowed the defendant Seniors Choice Insurance Group, Inc. an opportunity until November 10, 2011, to obtain new counsel. See Filing No. 39. In such order the court warned the defendant that parties who are not natural persons may not appear pro se. **Rowland v. California Men's Colony**, 506 U.S. 194, 203 (1993). Moreover, courts "have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Id.* at 202. "Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of [28 U.S.C. § 1654] is that they must be represented by licensed counsel." **Turner v. American Bar Ass'n**, 407 F. Supp. 451, 476 (E.D Tex 1975); see **Harrison v. Wahatoyas**, LLC, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer

appearing pro se"); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); **see also** *DCR Fund I, LLC v. TS Family Ltd. Partnership*, 261 Fed. Appx. 139 (10th Cir. 2008); *First Amendment Foundation v. Village of Brookfield*, 575 F. Supp. 1207, 1207 (N.D. Ill. 1983) (partnership must be represented by attorney admitted to practice).  In fact, according to the Eighth Circuit, a corporation or other business entity is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.  *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

The court found good cause existed to allow moving counsel to withdraw.  The defendants had consented to such withdrawal.  The individual defendant, Tommie E. McIlwain, Sr. is proceeding pro se.  The corporate defendant, Senior Choice Insurance Group, Inc., had an opportunity to obtain substitute counsel or show cause why entry of default should not be filed.  Senior Choice Insurance Group, Inc. failed to respond this court's order or obtain substitute counsel.  Accordingly, the court may enter default against Senior Choice Insurance Group, Inc.  See Fed. R. Civ. P. 55.  Upon consideration,

**IT IS ORDERED:**

1. The Clerk of Court shall enter default against Senior Choice Insurance Group, Inc.  The entry of default may be set aside, upon written motion, if substitute counsel enters a written appearance on behalf of such defendant prior to entry of default judgment.

2. The Clerk of Court shall mail a copy of this order to the defendant Senior Choice Insurance Group, Inc. at the following two addresses in the record:

| | |
|---|---|
| c/o Tommie E. McIlwain, Sr.<br>2300 Shady Pine Court<br>Gastonia, North Carolina 28054 | c/o Tommie E. McIlwain, Sr.<br>1716 E. Ozark Ave.<br>Gastonia, North Carolina 28054 |

DATED this 14th day of November, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge